McIlvaine, J.
That Mary A. Harrison, plaintiff below, had succeeded to the estate of reversion in fee, and was entitled to the rent reserved in the lease by Mears, the lessor of Winthrop B. Smith, is not disputed. The contention of Smith is, that, having parted with all his interest as lessee of Mears by transfer and assignment to Austin, from whom and those claiming under him, the lessor aud those claiming under him, had received the rents, that no further liability rests on him as lessee to pay rent, and especially to an assignee of the reversion between whom and himself there exists no privity either of contract or estate.
The covenant of Smith, as lessee, was to pay rent to Mears his lessor, his heirs and assigns during the term. The liability sought to be enforced against him is within the very letter of the covenant. The relation of Mary A. Harrison to the leasehold estate is that of assignee of the reversion, and as such she is entitled to the rent. True, the covenant of Smith to pay rent was not made with her, but being the party in interest, her right to sue for the rent in her own name is secured by section 4993 of Revised Statutes, which provides, “an action must be prosecuted in the name of the real party in interest.” This would secpre her right of action, had she become the assignee of rent past due ; but her right to the rent arises from her ownership of the reversion. The covenant for rent by the lessor came to her by succession to the lessor’s estate. It was a covenant that' passed with the land, and although not made with her, it was made for her benefit. Hence, her right of action on the covenant, under our code, though the statute of 32 Henry Till, be not in force in this State: See Crawford v. Chapman, 17 Ohio, 449; Masury v. Southworth, 9 Ohio St. 340.
*185 A perpetual leasehold estate is not a fee simple, although, by our statutes, it has many incidents of a fee simple estate Taylor v. De Bus, 31 Ohio St. 468. Tire fee simple remains in the lessor, his heirs and assigns. The principal value of which is the right to the rents reserved by the lease. And the right to sue for and recover rents follows the fee simple estate, and the action therefor must be in the name of the owner of .the fee at the time the rent accrues.
As to the fact that the plaintiff below, as well as her predecessors in interest, had received rent from the owners of the leasehold, after the defendant had assigned and transferred all his interest therein, it will be sufficient to refer to Sutliff v. Atwood, 15 Ohio St. 186, where it is said, “ The liability of the lessee arising from his express contract, is so permanently fixed during the whole term, that no act of his own can absolve him from the lessor’s demands in respect to it.” That was an action by the lessor against the lessee; but the principle applies in any case upon the lessee’s covenant, where the plaintiff is entitled to the rent secured by the covenant.
It was also decided in that case, that an assignment by the lessee, with the lessor’s concurrence and his subsequent receipt of rent from the assignee, will be ineffectual to discharge the lessee from his liability. “ The lessor, when there is an express agreement of the lessee, may sue at his election, either the lessee or the assignee, or may pursue his remedy against both, at the same time, though of course with but one satisfaction.” The foundation of the action by the assignee of the reversion against the assignee of the leasehold, is the privity of estate between them. The principle is that the latter shall not enjoy the former’s property without the payment of rent. The action against the lessee is upon his express covenant to pay rent during the term, which, as we have above said, runs with the land and vests in the assignee of the reversion the right to receive the rents accruing during his ownership of the fee.

Judgment affirmed.